EMMA OLIVER, Plaintiff, v. ARMOR ELEVATOR COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. BELTWAY REALTY CORP., Third-Party Defendant-Appellant.—

948

Plaintiff claims that the accident happened because an accumulation of rags in the elevator pit and motor room jammed the elevator weight frame, and that the defendant service company had notice of this condition. In its third-party complaint against Beltway, the owner of the premises, the service company alleges that the owner was negligent in failing properly to maintain the premises (including the elevator pit), in failing to remove the bag of rags, and in creating the said obstructions. The service company also alleges that the owner breached its agreement to keep the elevator pit and motor room free from rubbish. If the service company had notice of the presence of the bag of rags in the elevator pit and motor room, and if said company had control of this area, it would be guilty of active negligence. If it did not have notice and control of the area, it would not be guilty of negligence. In either of these events, there can be no recovery over by it against the owner. The owner's contractual agreement to keep the elevator pit and motor room free from rubbish indicates that the owner, and not the service company, had the control and the duty of maintenance of the area in question. Said agreement cannot be construed as one to indemnify the service company against its own negligence. Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.